IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY E. RAND, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN P. STANOSHECK, an individual; and PACIFIC REALTY COMME ASCHOFF CONSTRUCTION, INC., a Nebraska corporation;<br><br>Defendants. | **8:18CV481**<br><br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to Strike (Filing No. 7). The motion will be granted, in part.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred between Plaintiff and Defendant Jonathan Stanosheck ("Stanosheck"). The Complaint asserts that at the time of the accident, Stanosheck was operating a vehicle owned by his employer or principal, Defendant Aschoff Construction, Inc. ("Aschoff"). The Complaint alleges three causes of action: (1) negligence against Stanosheck ("Count I"); (2) vicarious negligence against Aschoff ("Count II"); and (3) direct negligence against Aschoff ("Count III"). (Filing No. 1.)

## DISCUSSION

Defendants request that Paragraph 19 of the Complaint be stricken pursuant to Federal Rule of Civil Procedure 12(f). Defendants also ask that the Court strike Count III in its entirety because it is based on the allegations contained in Paragraph 19. Count III generally alleges that Aschoff was negligent in its hiring, retention, training, supervising and entrusting Stanosheck to operate its vehicle.

Paragraph 19 of the Complaint, which is the first Paragraph directly contained within Count III as set out in the Complaint, provides:

> Public records reflect that, prior to the crash as described herein, Defendant Stanosheck had been charged with and/or convicted of multiple offenses, including, but not limited, to minor in possession of alcohol, speeding, occupant protection system, possession of K2 or marijuana less than 1 ounce and possession or use of drug paraphernalia.

(Filing No. 1.) Paragraph 20 of the Complaint, which also comprises a portion of Count III, alleges that a reasonable employer "would have investigated and learned of Defendant Stanosheck's past criminal and driving history prior to hiring him or allowing Defendant Stanosheck to operate its vehicle on the public roadways." (*Id*.) Paragraph 26 of Count III further provides, in part, that Aschoff "knew or should have known" Stanosheck to be an "inexperienced, incompetent, or reckless driver, to be intoxicated or addicted to intoxication, or otherwise incapable of properly operating an automobile without endangering others." (*Id*.)

Rule 12(f) provides a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). *BJC Health Systems v. Columbia Casualty Co*, 478 F.3d 908, 917 (8th Cir. 2007). "However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings." *Super 8 Worldwide, Inc. v. Riro, Inc.*, No. 8:11CV319, 2011 WL 5827801, *2 (D. Neb. Nov. 18, 2011). "[E]ven matters that are not strictly relevant to the principal claim at issue should not necessarily be stricken, if they provide important context and background to claims asserted or are relevant to some object of the pleader's suit." *Holt v. Quality Egg, L.L.C.,* 777 F. Supp.2d 1160, 1168 (N.D. Iowa 2011) (internal quotations and citation omitted). "To prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." *Super 8 Worldwide,* 2011 WL 5827801 at *2 (quotation and citation omitted).

Defendants argue that Paragraph 19 should be stricken because it interjects impertinent

allegations about Stanosheck's criminal record into this suit. Defendants contend that these allegations are not material to any claim because there is no evidence that Stanosheck was intoxicated at the time of the accident. Defendants assert that these allegations amount to improper character evidence. Defendants further argue that the allegations in Paragraph 19 about Stanosheck's past driving offenses should be stricken because Nebraska law prohibits the introduction of evidence regarding convictions for violations of the Nebraska Rules of the Road. Defendants point to Nebraska Revised Statute § 60-693, which provides that "[n]o evidence of the conviction of any person for any violation of any provision of the Nebraska Rules of the Road shall be admissible in any court in any civil action." Neb. Rev. Stat. § 60-693.

Plaintiff counters, however, arguing that allegations pertaining to Stanosheck's criminal and driving history are relevant to his claim that Aschoff was negligent in its hiring, retention, training, supervising and entrusting Stanosheck to operate its vehicle. Plaintiff contends that the allegations Defendants have moved to strike are directly relevant to one or more of the essential elements of duty, breach, causation, and damages.

The Court agrees with Defendants that Paragraph 19's mention of Stanosheck's past charges, offenses, and convictions should be stricken. The Court agrees that allegations regarding Stanosheck's past criminal history are impertinent, scandalous, and would unduly prejudice Defendants. It appears to the Court that these very specific references to past criminal history and offenses have no bearing on the issues involved in this case and only serve to prejudice Defendants. Therefore, the Court will strike Paragraph 19 of the Complaint. Plaintiff will be directed to file an amended complaint omitting Paragraph 19. This is not to say, however, that Plaintiff is precluded from alleging, for example, that Aschoff knew or should have known that Stanosheck was incapable of properly operating a vehicle.

The Court will not strike Count III in its entirety as this request essentially amounts to a partial motion to dismiss, which should be brought by separate motion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion . . .

already serves such a purpose"); *Oglesby v. Lesan*, No. 4:16CV3189, 2017 WL 2345666, at \*3 (D. Neb. May 30, 2017) ("This court will not dismiss [Defendant's] entire Counterclaim on a 12(f) motion to strike. Plaintiff's jurisdiction and statute of limitation arguments should be addressed, if appropriate, in a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56").

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Strike (Filing No. 7) is granted, in part, as set forth above.

2. Plaintiff shall file an amended complaint in conformity with this Order by January 14, 2019.

Dated this 3rd day of January, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge