# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY E. RAND, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN P. STANOSHECK, an individual; and ASCHOFF CONSTRUCTION, INC., a Nebraska corporation;<br><br>Defendants. | 8:18CV481<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Partial Judgment on the Pleadings, ECF No. 32, filed by Defendants Jonathan P. Stanosheck and Aschoff Construction, Inc. For the reasons stated below, the Motion will be granted.

## BACKGROUND

The following facts are those stated in Plaintiff's Amended Complaint, ECF No. 12, and, unless otherwise indicated, admitted in Defendants' Amended Answer, ECF No. 31.

Plaintiff, Timothy E. Rand is a resident of Salix, Iowa. Defendant, Jonathan P. Stanosheck, is a resident of Osmond, Nebraska, and is employed by Aschoff Construction, Inc. (Aschoff), a Nebraska Corporation with its principal place of business in Osmond, Nebraska.

On November 20, 2014, Rand was traveling eastbound on Highway 84 in Cedar County, Nebraska, where he collided with a vehicle as it entered the intersection of Highway 84 and 568th Avenue. Rand has alleged multiple counts of negligence against Stanosheck and Aschoff.

Rand filed this action against Defendants on October 11, 2018, ECF No. 1, and filed his Amended Complaint on January 3, 2019, ECF No. 12. Defendants filed their Answer on February 1, 2019, ECF No. 18, and filed an Amended Answer on May 24, 2019, ECF No. 31. None of the parties disputes that Nebraska law governs in this case.

Rand alleges that Stanosheck negligently failed to observe traffic controls and, as a result, Rand suffered personal and pecuniary injuries. Rand claims that Stanosheck's negligence occurred in the scope of his employment with Aschoff, and that Aschoff is vicariously liable under a theory of respondeat superior. Rand also alleges direct negligence against Aschoff because "[a] reasonable and ordinarily prudent employer . . . would not have hired Defendant Stanosheck and allowed him to operate its vehicle on the public roadways." ECF No. 12 at ¶ 20. Included in the complaint's prayer for relief is a request for punitive damages to be paid to the Common School Fund of the State of Nebraska.

Defendants move for partial judgment on the pleadings to dismiss Rand's negligent hiring claim against Aschoff. Aschoff argues that the negligent hiring claim is moot because Aschoff admits that it is vicariously liable for any liability that may be attributed to Stanosheck. Defendants also move to dismiss the request for punitive damages. Defendants argue that the Nebraska Constitution precludes Rand from requesting punitive damages, and that he has no standing to request that it be paid to the schools.

**STANDARD OF REVIEW**

A motion for partial judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6), *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488

(8th Cir. 1990), and is "appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

Further, with respect to a motion for judgment on the pleadings, "[t]he movant has the burden of 'clearly establish[ing] that there are no material issues of fact and that it is entitled to judgment as a matter of law.'" *Levitt v. Merck & Co., Inc.*, No. 17-2630, 2019 WL 418018, at *1, --F.3d-- (8th Cir. Feb. 4, 2019) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

## DISCUSSION

Rand presents three counts in his Amended Complaint. At issue here is Count III, which alleges negligent hiring against Aschoff. Rand also requests in his prayer for relief that punitive damages be assessed against the Defendants and awarded to the Common School Fund of the State of Nebraska.

Defendants move for partial judgment on the pleadings to dismiss Count III and the request for punitive damages. Defendants assert that Count III does not state a valid cause of action because Aschoff's admission of respondeat superior renders the claim moot. They also assert that the prayer for punitive damages must be dismissed because

punitive damages are barred by the Nebraska Constitution and Rand lacks standing to recover damages for the State.

## I. Punitive Damages

Rand argues that punitive damages are cognizable because he alleges the Defendants violated the Federal Motor Carrier Safety Regulations (FMCSR). 49 C.F.R. §§ 350.101–399.211. Rand also asserts that the prohibition against awards of punitive damages does not apply to him here, because the funds will be paid to the county in accordance with the Nebraska Constitution. These arguments fail for the following reasons.

### a. *Constitutional Prohibition*

The Nebraska Constitution states that:

> [A]ll fines [and] penalties . . . arising under the general laws of the state . . . shall belong and be paid over to the counties respectively where the same may be levied or imposed . . . . All such fines [and] penalties . . . shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue . . . .

Neb. Const. art. VII, § 5. This section has been interpreted by Nebraska courts to prohibit the recovery of punitive damages in state causes of action. *State ex rel. Cherry v. Burns*, 602 N.W.2d 477, 484 (Neb. 1999) ("[O]rdinarily, with respect to state causes of action, punitive damages contravene Neb. Const. art. 7, § 5, and are not allowed.")

Rand asserts that punitive damages are warranted in this case because Defendants violated the FMCSR. To support his assertion, Rand cites to four cases from different jurisdictions in which courts have upheld, or refused to dismiss, punitive damages awarded on such violations: *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d

647 (M.D. Pa. 2009); *Stravitsch v. Nestle USA, Inc.*, 874 A.2d 340 (Conn. Super. Ct. 2005); *Fowler v. Smith*, 516 S.E.2d 845 (Ga. Ct. App. 1999); *Deaton, Inc. v. Burroughs*, 456 So. 2d 771 (Ala. 1984). Unlike Nebraska, none of the states involved in these cases has a constitutional prohibition on punitive damages. At most, these cases stand for the assertion that violations of the FMCSR may be used as evidence of a defendant's recklessness or other requisite culpability for a court to award punitive damages in accordance with state law. Here, the parties do not contest that Nebraska law governs. Therefore, Rand's request is barred by the Nebraska Constitution and its prohibition of punitive damages.

 *b. Standing*

Rand tries to avoid the constitutional prohibition by requesting that the punitive damages be paid to the county. For a party to request relief under Nebraska law, it must have standing. *See, e.g., Omaha & Republican Valley R.R. Co. v. Hale*, 63 N.W. 849 (Neb. 1895) (dismissing cause of action because the statute did not specifically authorize third parties to recover on behalf of the state). Standing requires a party to show that it "has a legally protectable interest or right in the controversy that would benefit by the relief to be granted." *Hradecky v. State*, 652 N.W.2d 277, 283–84 (Neb. 2002). Rand does not have a legally protectable interest or right that would benefit by directing punitive damages to be paid to the county and therefore does not have standing to request such damages.

A nearly identical issue previously came before this Court in *Factory Mutual Insurance Co. v. Nebraska Beef, Inc.*, No. 8:09CV159, 2009 WL 2886315 (D. Neb. Sept. 2, 2009). In that case, the Court granted the plaintiff's motion to strike the defendants'

prayer for punitive damages contained in their counterclaim.  *Id.* at *7–*8.  The defendants argued that the Nebraska Constitution left open the possibility that a party may seek punitive damages to be paid directly to the schools.  *Id.* at *6–*7.  This Court held that the parties attempting to avoid the constitutional prohibition in such a manner failed to show they had standing to pursue punitive damages on behalf of the schools.  *Id.* at *7–*8.  For the same reasons, Rand lacks standing to pursue punitive damages on behalf of the schools.

II.     **Count III – Negligent Hiring**

The parties do not dispute that the Court must apply Nebraska's substantive law.  *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013) (citing *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)).  Without controlling state precedent, this Court must predict how the Nebraska Supreme Court would resolve the issue.  *See Packard v. Darveau*, 759 F.3d 897 (8th Cir. 2014).  In doing so, this Court may consider "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data."  *Id.* at 901(omission in original) (quoting *Lindsay Mfg. Co. v. Hartford Acc. & Indem. Co.*, 118 F.3d 1263, 1267 (8th Cir. 1997)).  This Court must be mindful, however, that it "is not the role of a federal court to expand state law in ways not foreshadowed by state precedent."  *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 673 (8th Cir. 2009).

At issue is whether the Nebraska Supreme Court would likely adopt a rule stating that if the principal-defendant admits it is vicariously liable for the negligence of its agent, the plaintiff may not bring a cause of action against the principal-defendant for negligent hiring.  This rule is derived from *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995)

7

("[O]nce the agency relationship was admitted, it was error to permit a separate assessment of fault to [employer] based upon the 'negligent entrustment' or 'negligent hiring' theories of liability."), and has become the majority rule in jurisdictions that have decided the issue. *Ferrer v. Okbamicael*, 390 P.3d 836, 843–44 (Colo. 2017). The rule recognizes that when an employer accepts vicarious liability, it is jointly and severally liable with its agent, and there is no benefit to allowing a plaintiff to admit the type of evidence of the employee's past that a negligent hiring case would require in order to achieve the same outcome. *McHaffie*, 891 S.W.2d at 826. There are two primary reasons that this rule has become so widely adopted. First, the rule saves time and energy of the courts. *Id.* Second, the rule prevents "potentially inflammatory evidence [from coming] into the record which is irrelevant to any contested issue in the case." *Id.*

In *McHaffie*, the court determined that a negligent hiring cause of action is derivative, or dependent upon the liability of the agent. *Id.* In other words "if the employee was not negligent, there is no basis for imposing liability upon the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring . . . ." *Slobin v. Boasiako*, No. 18143/02, 2008 WL 818940, at *10 (N.Y. Sup. Ct. Mar. 18, 2008). This is true in Nebraska as well. Under Nebraska law, an "employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care in selecting an employee . . . ." *Kime v. Hobbs*, 562 N.W.2d 705, 713 (Neb. 1997). These claims function as means of assessing liability against an employer for the torts of its employees and cannot exist without underlying liability of the agent. *Harrington v. Hall Cty. Bd. Of Supervisors*, No. 4:15-CV-3052, 2016 WL 1274534, at *11 (D. Neb. Mar. 31, 2016) ("Under Nebraska law, an underlying

8

requirement in actions for negligent supervision and negligent training is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer."); *Schieffer v. Catholic Archdiocese of Omaha*, 508 N.W.2d 907, 913 (Neb. 1993) (dismissing negligent hiring cause of action because all claims against the employee were dismissed); *Greening v. Sch. Dist. Of Millard*, 393 N.W.2d 51, 58 (Neb. 1986) ("[P]laintiff must not only show that the employer negligently selected a person incapable of performing the work but also show that the conduct of the incompetent employee was a proximate cause of injury to another."); *Gertsch v. Gerber*, 226 N.W.2d 132, 134 (Neb. 1975) ("The lack of any allegations of negligence on the part of the driver destroys the connecting link between the defendant's negligence in entrustment and the plaintiff's injury.").

This Court has previously predicted that the Nebraska Supreme Court would adopt the *McHaffie* rule and does so again here. *See Gibson v. Jensen*, No. 8:16-CV-296, 2017 WL 5067497, at *5 (D. Neb. July 17, 2017). The rule is consistent with principles of Nebraska law and, therefore, the Nebraska Supreme Court would likely adopt the rule.

Rand argues that several cases have carved exceptions into the *McHaffie* rule "where the employer's conduct is so reckless or wanton that punitive damages should be available." Pl. Br. at 2, ECF No. 36, at 2. He argues that where the employer has behaved so recklessly as to warrant punitive damages, the negligent hiring claim ceases to be purely derivative and takes on additional meaning. It is true that some courts have made such an exception to the rule. *See, e.g.*, *Slobin*, 2008 WL 818940, at *13 ("[A]n exception exists to this general principle where the injured plaintiff is seeking punitive damages from the employer . . . ."). This exception allows a plaintiff to bring a cause of action against

the employer for more than the employee's liability.  Here, however, Rand has not properly allege any claim for punitive damages, and there is no basis for the negligent hiring cause of action to stand.

**CONCLUSION**

Based on the pleadings, and accepting all of Rand's well-pleaded facts as true, he has no plausible cause of action for negligent hiring, nor any plausible claim for punitive damages.  Accordingly,

IT IS ORDERED:

1. The Motion for Partial Judgment on the Pleadings, ECF No. 32, filed by Defendants Jonathan P. Stanosheck and Aschoff Construction, Inc., is granted;
2. Count III of Plaintiff's Complaint is dismissed, with prejudice; and
3. Plaintiff's request for punitive damages is dismissed, with prejudice.

Dated this 12th day of August, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge